UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Jenee K. Ciccarelli, Esq. JC/0693
Ciccarelli Law, PC
47 Park Ave., Suite 304
West Orange, New Jersey 07052
Phone: 973-737-9060
Fax: 973-619-0023
Email: info@jc-lawpc.com
Attorney for Debtor

In Re:

Kelly M. Poesl,

                         Debtor.

**Chapter 13**

Case No.: 19-25759

Honorable Stacey L. Meisel

Hearing: 2/23/2022 (Shorten Time)
          Time: 10:00 a.m.

**SUPPLMENTAL CERTIFICATION IN SUPPORT OF DEBTOR'S MOTION TO AVOID LIENS**

    I, Jenee K. Ciccarelli, attorney for the above-named Debtor make this Supplemental Certification in support of Debtor's Motion to Avoid Judgment Liens of GMAC, Palisades Collection, LLC, American Express Centurion Bank, LT Asset Recovery, LLC, Alside, Inc. and Amarr Garage Doors. This Supplemental Certification is made to address the Court's question concerning the impairment of the Debtor's exemption.

1. Debtor seeks avoid the judgment liens secured on her property by the judgment lienholders as it impairs her exemption as provided under 11 U.S.C. § 522(f).

2. As a threshold matter, the judgments at issue are judicial liens and thus subject to avoidance. A judicial is defined by 11 U.S.C. §101(36) of the Bankruptcy Code as any lien "obtained by judgment, levy, sequestration, or other legal or equitable process or

proceeding." In order to avoid a lien, the lien must become a judgment and the debtor must actually have an interest in that property at the time the judgment becomes a lien. The Debtor purchased the property in 2006, the liens at issue became judgments after that date approximately in 2009.

3. The Debtor has asserted her federal exemption in the amount of $25,150 for the Subject Property as her primary residence in Schedule C, which was filed at docket number 125. The proof of claim was filed by the first mortgage lien holder at claim #5 in the amount of $630,752.10.

4. The protections under 11 U.S.C. § 1322(b)(2) and 11 U.S.C. § 506(a) are not applicable to these judgment lienholders as secured creditors. The property is entirely encumbered by a mortgage, any liens that come after impede the Debtor's exemption. The value of the Debtor's interest in the property at the time of filing was $375,000 and is currently valued at $640,000.

5. Section 522(f) advises when a lien impairs a debtor's exemption. "[A] lien shall be considered to impair an exemption to the extent that the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property in the absence of any liens." 11 U.S.C. §522(f)(2)(A).

6. In this case, the Debtor's property is subject to
    a. (i) multiple judicial liens if taken individually impair Debtor's exemption
        i. Creditor: GMAC, Judgment No. DJ-127048-2009, Judgment Amount: $18,311.09;

    ii. Creditor: Palisades Collection, LLC, Judgment No. DJ-100703-2007, Judgment Amount: $380.14;

    iii. Creditor: American Express Centurion Bank, Judgment No. DJ-042564-2009, Judgment Amount: $6,121.58;

    iv. Creditor: LT Asset Recovery, Judgment No. DJ-141232-2009, Judgment Amount: $7,149.44;

    v. Creditor: Alside, Inc., Judgment No. J-212878-2007, Judgment Amount: $19,369.49; and

    vi. Creditor: Amarr Garage Doors, Judgment No. J-249403-2007, Judgment Amount: $14,985.23.

b. (ii) other liens including a first mortgage with a proof of claim amount of $630,752.13. In addition, the title search revealed a 2015 Judgment that was obtained by the creditor after the Debtor's prior bankruptcy in the amount of $5,135. A true and correct copy of the payoff of the 2015 judgment is attached hereto as **Exhibit A**.

c. (iii) Debtor elected to use the federal exemptions and using those federal exemptions, the Debtor would be entitled to an exemption amount of $25,150. Debtor needed $0 of that exemption at the time of filing and now requires an exemption of $4,112.87.

d. Therefore, Debtor's exemption is impaired by the presence of the liens

    i. Creditor: GMAC, Judgment No. DJ-127048-2009, Judgment Amount: $18,311.09;

    ii. Creditor: Palisades Collection, LLC, Judgment No. DJ-100703-2007, Judgment Amount: $380.14;

    iii. Creditor: American Express Centurion Bank, Judgment No. DJ-042564-2009, Judgment Amount: $6,121.58;

    iv. Creditor: LT Asset Recovery, Judgment No. DJ-141232-2009, Judgment Amount: $7,149.44;

    v. Creditor: Alside, Inc., Judgment No. J-212878-2007, Judgment Amount: $19,369.49; and

    vi. Amarr Garage Doors, Judgment No. J-249403-2007, Judgment Amount: $14,985.23.

7. In light of the foregoing, Debtor respectfully requests that the judgment liens of GMAC, Palisades Collection, LLC, American Express Centurion Bank, LT Asset Recovery, LLC, Alside, Inc. and Amarr Garage Doors be stripped off and removed from the record.

8. I hereby certify that the above foregoing statements made by me are true to the best of my knowledge, information, and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**WHEREFORE**, the Debtor respectfully requests of the Court that it strip off the judgment liens of GMAC, Palisades Collection, LLC, American Express Centurion Bank, LT Asset Recovery, LLC, Alside, Inc. and Amarr Garage Doors pursuant to 11 U.S.C. § 522(f) be avoided.

**CICCARELLI LAW, P.C.**

/s/ Jenee K. Ciccarelli
Jenee K. Ciccarelli, Esq.
Attorney for Debtor

Dated: February 23, 2022

# EXHIBIT A

# SKLAR LAW, LLC
### 20 Brace Road, Suite 205
### Cherry Hill, NJ 08034

Andrew Sklar, Esq.                                                                         856.258-4050 phone

856.258-6941 fax

Member NJ and PA Bar

February 16, 2022

To:        Nyrva Redmond

From:    Andrew Sklar, Esquire

Re:        My Client:        IGEA BRAIN & SPINE, P.A.
            My File No.:      4863
            Defendant Name:  KELLY CONDON
            Your File No.:    Igea Brain and Spine v. Kelly Condon
            Judgment No.:   J151674-15

Dear Nyrva:

Pursuant to your request, the payoff balance for the above judgment is: $**5,135.95**
Payoff figure is good until: 2/28/22. Per diem is $0.03.

**If you want our office to file the Warrant to Satisfy Judgment, you must add $50.00 to the above payoff figure. Otherwise, we will forward the Warrant to Satisfy to your office for filing.**

**Wire Instructions**
**Account Name:**      **Sklar Law LLC IOLTA Trust Account**
**Bank:**                 **TD Bank**
**Routing Number:**     1360
**Account Number:**     1370

Very truly yours,
**SKLAR LAW, LLC**

_____

Andrew Sklar, Esquire
AS:ds

This is an attempt to collect a debt and any information obtained will be used for that purpose. This firm is a debt collector